IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAURA CORBIN<br>9558 Windsor Way<br>Twinsburg, Ohio, 44087<br><br>　　　　　　　Plaintiff<br><br>　　　v.<br><br>WELLCORP, INC.<br>32100 Solon Road, Suite 103<br>Solon, OH 44139<br><br>　　**Serve also:**<br>　　U-B Corporation, Statutory Agent<br>　　1660 West 2nd street suite 1100<br>　　Cleveland, Ohio, 44113<br><br>　　-and-<br><br>VLAD AGRANOVICH<br>Four Seasons Apt.,<br>26900 George Zeigler Dr. Bldg 4 #528,<br>Beachwood, Ohio 44122<br><br><br><br>　　　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(Jury Demand Endorsed Hereon)** |

## INTRODUCTION

Plaintiff Laura Corbin brings this action against Defendants WellCorp and Vlad Agranovich, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 207, *et seq.*, and the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Law"), O.R.C. §§ 4111.03 *et seq*.



The following allegations are based upon information and belief, or personal knowledge as to Plaintiff's own conduct and the conduct and acts of others.

## PARTIES

1. Corbin is a resident of the city of Twinsburg, county of Summit, state of Ohio.

2. WellCorp is an Ohio corporation with its principle place of business located in the city of Solon, County of Cuyahoga, State of Ohio.

3. WellCorp holds itself out as a strategic healthcare consulting company.

4. WellCorp provides services to improve its clients' health management programs.

5. WellCorp is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Fair Labor Standards Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.

6. Vlad Agranovich is the Chief Operating Officer of WellCorp, whom exercises significant control over WellCorp operations, policies, and procedures, to include, but not limited to its day to day operations and pay practices.

7. At all times relevant herein, Vlad Agranovich supervised and/or controlled Corbin's employment with WellCorp, controlled the day to day operations and compensation policies of WellCorp, and acted directly or indirectly in the interest of WellCorp in relation to its employees, and was an employer within the meaning of section 3(d) of the Fair Labor Standards Act.



8. During all times material to this Complaint, Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

9. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Corbin is alleging a federal law claim arising under the Federal Labor Standards Act (FLSA), 29 U.S.C. § 207, *et seq*. Thus, this Court has original jurisdiction over the federal law claims asserted in this Complaint under 28 U.S.C. § 1331.

10. Jurisdiction is proper over Defendants in that all material events alleged in this Complaint occurred in county of Cuyahoga, the county within which WellCorp's principle place of business is located and Agranovich exercised his control over Corbin's employment.

11. This Court has supplemental jurisdiction over Corbin's state law claims under 28 U.S.C. § 1367.

12. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which the Defendants operate and conduct business, and within which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

13. During all times material to this Complaint, Corbin was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

14. At all times material to the Complaint, Corbin worked from a fixed location, i.e, WellCorp's office in Solon, Ohio.

15. WellCorp hired Corbin as "Administrative Assistant."

16. The title that WellCorp actually gave Corbin was "Operations Manager."



17. Despite the title "Operations Manager," Corbin did not supervise employees or have the power to hire or fire employees.

18. Corbin's job duties included preparing board and staff meeting, providing sales support, managing social media posts and web conferences, arranging travel schedules, assisting in payroll, accounts receivable, accounts payable, monitor inventory of office supplies, and ordering office furniture.

19. Corbin's primary job duties did not include the ability to exercise discretion and independent judgment with respect to matters of significance.

20. With the exception of June and July of 2017, Corbin was scheduled to work a fixed schedule at WellCorp's office, running from 7:30 am to 4:30 pm.

21. During her full-time employment with Defendants, Corbin was paid a salary of $45,000 annually.

22. Corbin's salary was intended to compensate her for performing up to 40 hours of work each week.

23. During her full-time employment with Defendants, in addition to working her scheduled hours, Corbin worked additional hours both before and after her shift, for which she was not compensated. ("Off The Clock Work").

24. At all times referenced in the complaint, Defendants knew that Corbin was performing Off The Clock Work.

25. Although Corbin usually worked through her lunch breaks, Defendants automatically deducted an hour lunch break from her reported time.

26. At all times referenced in the Complaint, Defendants knew that Corbin was working through her lunch breaks without compensation.



27. Defendants improperly classified Corbin as exempt from the overtime requirements of the FLSA.

28. Between working through lunch and working additional, Off The Clock Work time both before and after her shift, Corbin routinely worked five (5) to ten (10) hours beyond her scheduled hours, for a total of forty-five (45) to fifty (50) hours a week.

29. Corbin's last date of employment with WellCorp was October 9, 2017.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

30. Corbin restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

31. During all times material to this complaint, Corbin was not exempt from receiving minimum wage under the FLSA because, *inter alia*, she was not an "executive," "computer," "administrative," "inside sales," "outside sales," or "professional" employee, as defined under the FLSA. See 29 C.F.R. §§ 541.0, et seq.

32. During all times material to this Complaint, Defendants violated the FLSA by failing to compensate Corbin at a rate of time-and-one-half of her regular rate of pay for all time she worked in excess of forty (40) hours per workweek prescribed by 29 U.S.C. § 207.

33. During all times material to this complaint, Defendants willfully and/or recklessly violated 29 U.S.C. § 207.

34. In violating the FLSA, Defendants without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

35. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Corbin for the full amount of her overtime pay, and an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.



## COUNT II: VIOLATION OF THE OHIO WAGE ACT

36. Corbin restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

37. The Ohio Wage Act requires that covered employer pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty (40) hours in one workweek. O.R.C. §§ 4111.03, et seq.

38. During all times material to this complaint, WellCorp was a covered employer required to comply with the Ohio Wage Act's mandates.

39. During all times material to this complaint, Corbin was a covered employee entitled to individual protection of Ohio Wage Act.

40. Defendants violated the Ohio Wage Act with respect to Corbin by, *inter alia*, failing to pay Corbin at a rate of time-and-one-half of her regular rate of pay for all time she worked in excess of forty (40) hours per workweek.

41. Defendants without a good faith basis and in reckless disregard of clearly applicable Ohio Wage Act provisions.

## DEMAND FOR RELIEF

42. WHEREFORE, Plaintiff Laura Corbin request judgment against Defendants WellCorp, Inc. and Vlad Agranovich and for an Order:

    (a) Awarding against each Defendant compensatory and monetary damages to compensate Corbin for unpaid wages or overtime, along with an equal amount of liquidated damages as allowed by FLSA;

    (b) Awarding Corbin costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;



(c) An injunction prohibiting Defendants from engaging in future violations of the FLSA, or the Ohio Wage Act; and

(d) Awarding Corbin any such other and further relief as the Court deems just and proper;

(e) For a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

## JURY DEMAND

Plaintiff Laura Corbin demands a trial by jury by the maximum number of jurors permitted.

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**

